UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY NICHOLAS BALL,<br><br>　　　　Petitioner,<br><br>v.<br><br>JOSH TEWALT,<br><br>　　　　Respondent. | Case No. 1:19-cv-00253-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

The Petition for Writ of Habeas Corpus filed by Petitioner Gary Nicholas Ball (Petitioner) is now fully briefed and ripe for adjudication. Dkts. 3, 12. Petitioner was provided with an opportunity to file a reply to the Response, but has elected not to do so. *See* Dkt. 7. Having reviewed the record in this matter, including the state court record lodged by the parties, and having considered the arguments of the parties, the Court enters this Order denying the Petition and dismissing it with prejudice.

### REVIEW OF PETITION

1. **Procedural Background**

On September 9, 2014, and October 16, 2014, Petitioner sold heroin to a confidential police informant. On October 22, 2014, Detective Beckner arrested Petitioner for making the two prior sales. He later was charged in a criminal action in the Fourth Judicial District Court in Ada County, Idaho.

Petitioner pleaded guilty to and was convicted of trafficking heroin in violation of Idaho Code § 37-2732B(a)(6)(B). His judgment of conviction was entered on June 17,

2015. He received a sentence of ten years fixed, followed by ten years indeterminate.

Petitioner filed a direct appeal, raising an excessive sentence claim, which was unsuccessful. He next filed a post-conviction action, raising claims of ineffective assistance of counsel. He received no relief. His appeal was unsuccessful, with the Idaho Court of Appeals affirming his conviction, and the Idaho Supreme Court denying his petition for review and entering its remittitur on August 30, 2019.

### 2. Facts underlying Ineffective Assistance of Counsel Claims

In this action, Petitioner brings one claim that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated. The factual basis of that claim is as follows.

Petitioner asserts that trial counsel failed to thoroughly investigate the facts of his arrest that would have supported a successful motion to suppress. According to Petitioner, the officer who arrested him on October 22 did not have probable cause to make the arrest because the officer did not witness the crimes committed on September 9 and October 16. Petitioner asserts that no affidavit of probable cause was filed before he was arrested on October 22. He further asserts that the officer who arrested him had no right to search his residence on October 22, which turned up the quantity of drugs to later charge him with trafficking, rather than just the delivery charges from September 9 and October 16.

A probable cause affidavit and a criminal complaint containing all three charges were filed on October 23, 2014. State's Lodging A-1, pp. 6-8. An Information Part II was filed on January 21, 2015, charging Petitioner with a sentencing enhancement based on having a previous trafficking felony. *Id.*, p. 33.

In support of the criminal complaint, Detective Beckner's probable cause affidavit stated the following. State's Lodging C-1, pp. 12-13. Beckner declared that Petitioner had sold heroin to a confidential informant working under Beckner's direction on September 9, 2014, and October 16, 2014. On October 22, 2014, Beckner received a tip that Petitioner would be transporting a large quantity of heroin from Utah to Idaho to sell for profit. That same day, Beckner verified that Petitioner was renting room #207 at the Budget Inn in Boise. Two other detectives watched Petitioner go in and out of the room, in and out of a nearby McDonald's restaurant, and over to some occupants of a car for a few seconds. Beckner identified Petitioner from his driver's license photo and placed Petitioner under arrest for the two prior charges of delivery of heroin. *Id*.

In a search incident to arrest, Beckner searched Petitioner's person and found heroin, marijuana, a bag of assorted prescription pills, and a large quantity of cash. Beckner declared in his affidavit that he read Petitioner his *Miranda* rights and Petitioner gave consent for the search of his room and agreed to answer questions. *Id*., at 13, 115.

Beckner searched Petitioner's Budget Inn room #207 and found a heroin-like substance, scales, packaging materials, drug paraphernalia, and a .45 caliber handgun with bullets. Another detective helped Beckner test the substance found, and it was presumed positive for heroin. *Id*., at 13.

Along with the above narrative, Beckner checked the box on the probable cause affidavit form indicating that a crime had been committed in his presence. *Id*., p. 12. As noted above, the affidavit was filed one day after Petitioner was transported to jail and booked for delivery of heroin, trafficking, and unlawful possession of a firearm. *Id*., pp.

13. On the same day the probable cause affidavit and criminal complaint were filed, October 23, 2014, Petitioner was arraigned by video by Fourth Judicial District Court Magistrate Judge Michael Oths. *Id.*, p. 2. A grand jury indictment addressing the same charges was issued on November 25, 2014. *Id.*, p. 19.

Petitioner asked his defense attorney to file a motion to suppress the evidence that supported the trafficking charge based on irregularities in the arrest and in the affidavit of probable cause. Petitioner's attorney refused. Petitioner then entered into a plea agreement with the State. In so doing he completed a form that stated he understood that he would not be able to contest any issues concerning the method or manner of his arrest or any searches or seizures in his arrest (which does not affect his ineffective assistance of counsel claim). *Id.*, p. 51.

On post-conviction review, the state district court summarily dismissed Petitioner's ineffective assistance claim. The court found that Petitioner failed to show any probability that a motion to suppress would have been granted; thus, there was no deficient performance of trial counsel. State's Lodging C-1, p. 119. Despite the check box indicating a crime was committed *in Beckner's presence*, the state district court concluded that the words of the affidavit were reasonably accurate: "[T]he officer's affidavit is clear that probable cause was not based on any sale that occurred on October 22, 2014, but on the two sales made to the confidential informant, working under the arresting officer's direction." *Id*. "Thus," the state district court concluded, "the record does not support Petitioner's claim that the arresting officer falsely stated that a crime occurred in his presence on October 22, 2014." *Id*.

MEMORANDUM DECISION AND ORDER - 4

The state district court noted that, under Idaho law, an officer need not be present at the commission of a crime to arrest a person for a felony. *Id*., p. 119-20; *see* I.C. § 19-603. As a result, the court concluded that "the officer's reliance on the actions and reporting of the informant he had directed could support a probable cause finding that a felony had been committed by Ball." *Id*., p. 120. This statement by the state district court clarifies that it opined that it does not matter whether Detective Beckner was present during the informant's drug buy, or merely set it up and directed it.

The state district court went on to reject all of Petitioner's various formulations of his claim:

> Additionally, Petitioner argues that the officer's affidavit "states that his probable cause is two *charges* of delivery of a controlled substance, however, those charges and indictment had not been filed yet, and there was no outstanding information or indictment filed and there was no warrant for arrest outstanding yet." Although the officer's affidavit does state that he arrested Ball "for the two *charges* of delivery of heroin," this Court rejects Petitioner's unsubstantiated legal conclusion that a minor semantic dispute extinguishes probable cause. Rather, an officer may arrest a suspect without obtaining a warrant when the suspect "has committed a felony, although not in his presence," or "[w]hen a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it." I.C. § 19-603. Thus, Petitioner's claim that probable cause did not exist simply because the officer used the term "charges" before formal charges were filed, despite the fact that the officer visually identified Ball as someone who recently sold heroin to an informant under the officer's direction, fails as a matter of law. The Court finds the officer's affidavit is internally consistent and not misleading, as Petitioner argues.
>
> Petitioner's argument that charges had to have been filed *before* he could be arrested is also misplaced. An officer can arrest when probable cause supports a felony has been

> committed and the officer has reasonable cause for believing the person arrested committed the crime. There is no requirement that the arrest can occur only after charges have been filed. Rather, charges are normally filed *after* the person has been arrested for the alleged criminal conduct.
>
> When read as a whole, the officer's probable cause affidavit indicates that the officer was present for, and participated in, two controlled purchases from Ball, as well as for Ball's October 22, 2014 arrest. However, even if the affidavit did contain errors, Petitioner does not contest that he sold heroin to a confidential informant on two occasions. Accordingly, because the officer had reasonable cause to believe that Ball committed two felonies, he had probable cause to arrest Ball. Therefore, the record before this Court does not indicate that any motion to suppress that Petitioner's trial counsel might have filed should have been granted.

State's Lodging C-1, pp. 120-21 (emphasis added).

The Idaho Court of Appeals agreed with the state district court and denied Petitioner's claim. The Court of Appeals pointed out that Ball's claim of ineffective assistance was based on a faulty state-law premise—Ball's theory that, in Idaho, an officer could only make a warrantless arrest for felonies committed in his presence:

> Ball takes issue with the officer's affidavit, which explained there was no controlled purchase of narcotics on the day Ball was arrested. The district court addressed these claims at length. The district court concluded that Ball failed to establish any probability that a motion to suppress would have been successful, and thus, could not establish deficient performance by trial counsel. In its opinion, the district court disagreed with Ball that the arrest was illegal because no crime occurred in the officer's presence. The district court explained the officer's affidavit did not state—as Ball claimed—that Ball committed a crime in the officer's presence. Rather, the probable cause in the case arose from two prior sales that Ball made to a confidential informant. In addition, the district court

> determined Ball's trial counsel conceded at the hearing that under Idaho law, an officer need not be present at the commission of a felony for an officer to subsequently arrest a person for that alleged felony.
>
> Ball has not shown error in the district court's analysis. Ball fails to address the district court's correct conclusion that information from a confidential informant is a sufficient ground for arrest. Ball also fails to account for the concession made at the hearing that an officer does not need to be present at the commission of a felony in order to have probable cause to later arrest an individual for committing that felony. On appeal, Ball repeats his earlier claims that his arrest was illegal because the officer did not have probable cause to make an arrest. However, this position fails to account for the district court's analysis, which explained why the motion to suppress would not have been granted, even if Ball's trial counsel filed the motion. Because the officer had probable cause to lawfully arrest Ball, there were no grounds upon which the district court would have granted a motion to suppress.

State's Lodging D-6, p. 5 (citing I.C. §19-603). Because Ball failed to show a motion to suppress would have succeeded, the court concluded under a *Strickland* analysis that "trial counsel was not ineffective for failing to file the motion." *Id*.

Because Petitioner's claim has been properly exhausted on the merits in state court, the Court now considers it under federal standards.

### 3. Standard of Law

Federal habeas corpus relief may be granted where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A challenge to a state court judgment that addressed the merits of any federal claims is governed by Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

MEMORANDUM DECISION AND ORDER - 7

The AEDPA limits relief to instances where the state court's adjudication of the petitioner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Where a petitioner contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although it identified "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a

state court unreasonably *applies* [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 572 U.S 415, 426 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

The clearly-established law governing a Sixth Amendment claim of ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* dictates that, to succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that (2) the petitioner was prejudiced by the deficient performance. *Id*. at 684.

In assessing trial counsel's performance under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time that the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

In assessing prejudice under *Strickland*'s second prong, a court must find that, under the particular circumstances of the case, there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

A petitioner must establish both deficient performance and prejudice to prove an ineffective assistance of counsel claim. 466 U.S. at 697. On habeas review, the court may consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial. *Id.*

The foregoing standard, giving deference to counsel's decisionmaking, is the de novo standard of review. Another layer of deference—to the state court decision—is afforded under AEDPA. In giving guidance to district courts reviewing *Strickland* claims on habeas corpus review, the United States Supreme Court explained:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, *supra*, at 410, 120 S.Ct. 1495. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 562 U.S. at 112.

### B. Discussion

To prevail on his ineffective assistance of counsel claim, Petitioner must show that the state trial court probably would have granted a motion to suppress based on any of his arguments that Detective Beckner did not have probable cause for his arrest. The Court agrees with the state district court that, despite a few inconsequential anomalies, Officer Beckner's affidavit established probable cause for the arrest under state law standards. Beckner had directed the informant to participate in the earlier delivery incidents, and had probable cause to arrest Petitioner on October 22, 2014.[1]

As discussed above, Petitioner has not shown that his arrest was contrary to Idaho law, and his counsel rightly acknowledged that was the case. *See, e.g., State v. Polson*, 339 P.2d 510, 513 (Idaho 1959) (noting that "[g]enerally, an officer may, without a warrant, arrest a person whom he has probable cause to believe guilty of a felony," and that an officer "need not necessarily have personal knowledge of the facts constituting the offense, in the sense of having seen or witnessed the offense himself." (spelling regularized).)

Nor has Petitioner shown that the arrest is contrary to federal law. The federal standard for arrest is "probable cause," defined in terms of facts and circumstances "sufficient to warrant a prudent man in believing that the (suspect) had committed or was

---

[1] On that same day, in the course of the arrest, Detective Beckner also discovered the evidence to support the trafficking charge (there is no statutory requirement that a suspect be caught in the act of trafficking; merely having all of the supplies and drugs in a quantity for trafficking is sufficient). Particularly, Petitioner was charged under Idaho Code § 37-2732B(a)(6)(b), which provides: "Any person who knowingly manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, two (2) grams or more of heroin or any salt, isomer, or salt of an isomer thereof ... , is guilty of a felony, which felony shall be known as 'trafficking in heroin.'" On the day of arrest, Detective Beckner found and tested an amount of drugs in Plaintiff's hotel room that qualified for that offense.

MEMORANDUM DECISION AND ORDER - 11

committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Probable cause is established by what the officers observed and what a reasonable officer would have done in that situation. *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979).

The probable-cause determination "must be made by a judicial officer either before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). There is no rule that a probable cause determination must precede an arrest:

> Maximum protection of individual rights *could be* assured by requiring a magistrate's review of the factual justification prior to any arrest, but such a requirement would constitute *an intolerable handicap for legitimate law enforcement*. Thus, while the Court has expressed a preference for the use of arrest warrants when feasible, *Beck v. Ohio*, *supra*, 379 U.S. at 96, 85 S.Ct., at 228; *Wong Sun v. United States*, 371 U.S. 471, 479—482, 83 S.Ct. 407, 412—414, 9 L.Ed.2d 441 (1963), it has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant. *See Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

*Gerstein v. Pugh*, 420 U.S. 103, 113 (1975) (emphasis added).

Under Petitioner's theory, many criminal acts might go unpunished if officers had to wait to arrest suspects until *after* court papers were filed, because the opportunity would be lost and the suspect might not be found later. Based on the cited federal cases, Petitioner's theories of wrongful arrest are rejected by this Court, and would have been rejected by the state district court if trial counsel had filed a motion to suppress on those grounds.

Petitioner does *not* contest that he was read his *Miranda* rights and consented to a search, which led to the additional trafficking and unlawful possession of a firearm charges.

Even if he now contests that, the state district court found that fact in its decision. *See* State's Lodging C-1, p. 115. Therefore, his additional argument that the officer should not have searched his residence has no factual support.

Because a motion to suppress would have been rejected by the state district court for lack of state or federal legal support, Petitioner's counsel was not deficient in failing to file such a motion, and no prejudice resulted. Because Petitioner's claims were thoroughly reviewed by the state courts on the merits, the decision of the Idaho Court of Appeals is entitled to the double-deference standard of *Harrington v. Richter*, *supra*. The Court concludes that Petitioner's claim fails under both the lesser standard of de novo review and under the high standard of *Harrington v. Richter*—that not all reasonable jurists would agree that Petitioner's right to the effective assistance of counsel was violated; therefore federal habeas corpus relief is unwarranted. For the foregoing reasons, the Court will deny and dismiss the Petition for Writ of Habeas Corpus.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motions for Extension of Time to File Answer (Dkt. 10, 11) are GRANTED. The Answer is considered timely (Dkt. 12).

2. The Petition for Writ of Habeas Corpus (Dkt. ) is DENIED and DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely

notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 9, 2020

_____
David C. Nye
Chief U.S. District Court Judge